# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
IOWA LIBERTARIAN PARTY and JAKE PORTER,

**(b)** County of Residence of First Listed Plaintiff: **Polk County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julia A. Ofenbakh, Iowa Defenders, PLLC, 2183 86th St., Clive, Iowa 515-868-0088 and Robert M. Bastress, Jr., Attorney at Law, P.O. Box 1295, Morgantown, WV 26507 304-319-0860

## DEFENDANTS
PAUL D. TATE, Secretary of State and State Commissioner of Elections.

County of Residence of First Listed Defendant: **Polk County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability — ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury — ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice — ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  — ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☒ 441 Voting — ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment — ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations — ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 448 Education — ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  |  — ☐ 555 Prison Condition |  |  |  |
|  |  — ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
The First and Fourteenth Ams. to U.S. Constitution and 42 U.S.C. Sec. 1983

Brief description of cause:
A suit for declaratory & injunctive relief regarding the validity of Iowa's early filing deadline for minor political parties

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 07/10/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Julia A. Ofenbakh

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

IOWA LIBERTARIAN PARTY and
JAKE PORTER,

        Plaintiffs,

VS.                                                                              Civil Action No. _____

PAUL D. PATE, Secretary of State
and State Commissioner of Elections,

        Defendant.

**COMPLAINT**

For their claims for relief, plaintiffs state as follows:

JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

PARTIES

2. The Iowa Libertarian Party is an unincorporated, Des Moines-based "nonparty political organization" under Iowa Code Chapter 44 that has sponsored, sponsors, and intends to continue to sponsor candidates in Iowa elections who support the Party's libertarian ideals.

3. Plaintiff Jake Porter is a citizen and resident of Council Bluffs, Pottawattamie County, Iowa, and intends to run in the 2020 election as the Libertarian Party candidate for United States

1

Senator; he has previously run as a Libertarian candidate for Iowa Secretary of State and Governor.

4. Paul D. Pate is the Secretary of State for the State of Iowa and, as such and pursuant to Iowa Code § 47.1, is the Iowa State Commissioner of Elections and is thereby charged with oversight of Iowa's elections and enforcement of the State's election laws; he is sued in his official capacities.

## FACTS

5. A "political party" is defined by Iowa law as a party whose candidate for president or governor, as the case may be, received at least two percent of the total vote cast for that office in the last general election. Iowa Code § 43.2.1.b.

6. A political party nominates its candidates at the primary election, which is held on the first Tuesday after the first Monday in each even-numbered year; that is, between June 2 and 8 of an election year. Iowa Code § 43.7.

7. A political organization that did not poll at least two percent of the presidential or gubernatorial votes in the most recent general election is classified by Iowa as a "nonparty political organization." Iowa Code Chapter 44.

8. To run candidates as a nonparty political organization, plaintiff Libertarian Party may nominate one candidate for each office through a convention or caucus that has the participation of at least two hundred fifty voters and at least one eligible elector from each of at least twenty-five counties in the State. Iowa Code Ann. § 44.1.

9. During its 2019 session, the Iowa Legislature amended Iowa Code § 44.4 to require that nonparty political organizations' nominations made pursuant to Iowa Code § 44.1 must be filed with the defendant no "later than 5:00 P.M. on the eighty-first day before the first Tuesday after the first

Monday in June in each even-numbered year;" that is, the filing deadline for nonparty political organizations falls between March 14th and 20th preceding a primary election.

    10. The filing deadline for the Iowa Libertarian Party for the 2020 general election will be March 14, 2020, while the general election will not be until November 3, 2020.

    11. The filing deadline for nominations from nonparty political organizations in Iowa Code § 44.4 had previously been the seventy-third day before the date of the general election to be held in November; that is, the third or fourth week in August.

    12. A filing deadline in mid-March imposes heavy burdens on nonparty political organizations including, but not limited to, the following:

    – It handicaps minor parties from reacting to later breaking changes in the political landscape, including later emerging major party candidacies;

    – It hampers the recruitment of convention and caucus participants because of the early uncertainties that arise in any campaign season;

    – That early in a campaign, volunteers are more difficult to recruit and retain, media coverage and campaign contributions are more difficult to secure, and voters are less interested in the elections;

    – The Party will be locked into the candidates they nominate in March regardless of subsequent developments and disclosures concerning the major party candidates and their races, the Party's own candidates, other minor party and independent candidates, or any other state and national developments that could affect campaigns.

    13. Members of the plaintiff Iowa Libertarian Party vote and associate to promote Libertarian ideals and candidates, as do supporters of plaintiff Porter, and their efforts to advance

their causes are substantially burdened by the mid-March filing deadline in Iowa Code § 44.4.

14. No legitimate state interest justifies the burdens placed on the plaintiffs, on the Iowa Libertarian Party members and supporters of plaintiff Porter, and on other minor political parties and their candidates by Iowa's mid-March filing deadline.

15. Under Iowa law, political parties – as opposed to noparty political organizations – may fill vacancies on their tickets up to "5:00 p.m. on the sixty-ninth day before the date of the general election" or, that is, in late August of an election year. Iowa Code § 43.78.

16. No legitimate state interest justifies the differential and adverse treatment accorded nonparty political organizations in Iowa Code § 44.4 as compared to the treatment provided political parties in Iowa Code § 43.78.

## CLAIMS FOR RELIEF

17. Iowa's mid-March deadline set forth in Iowa Code § 44.4 for the nomination of nonparty political organizations' candidates for the November general election violates plaintiffs' rights protected by the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

18. Iowa's mid-March deadline set forth in Iowa Code § 44.4 for the nomination of nonparty political organizations' candidates for the November general election violates fundamental voting and associational rights of Iowa Libertarian Party members and of the supporters of plaintiff Porter, rights that are protected by the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

19. Iowa's requirement that plaintiff Iowa Libertarian Party file its final nominations in mid-March of an election year while allowing "political parties" to file their nominations as late as sixty

-nine days before the November general elections violates the plaintiffs' right to equal protection of the law as guaranteed by the Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

## RELIEF REQUESTED

Plaintiffs therefore request the following relief:

A. A declaratory judgment holding that Iowa Code § 44.4 violates the plaintiffs' rights protected by the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983;

B. A declaratory judgment holding that Iowa Code § 44.4 violates the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 by suppressing associational and voting rights of the members of the Iowa Libertarian Party and of the supporters of plaintiff Jake Porter;

C. A declaratory judgment that Iowa's discriminatory treatment of nonparty political organizations by Iowa Code § 44.4 requiring nominations to be filed in mid-March while permitting political parties to file nominations in late August of an election year violates the rights of the plaintiffs and the members of the Iowa Libertarian Party to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. § 1983;

D. An injunction against the defendant forbidding him from enforcing the March deadline set forth in Iowa Code § 44.4 against the plaintiffs;

E. An order awarding plaintiffs their reasonable attorneys' fees and costs;

F. All other relief to which the Court shall deem the plaintiffs to be entitled.

/s/ *Robert M. Bastress, Jr.*
Robert M. Bastress, Jr.
West Virginia Bar ID # 263
P.O. Box 1295
Morgantown, W.Va. 26507-1295
(304) 319-0860
rmbastress@gmail.com

/s/ *Julia A. Ofenbakh*
Julia A. Ofenbakh
Id. # AT0010124
Iowa Defenders, PLLC
2183 86th St., Suite C
Clive, Iowa 50325
515-868-0088
julia@iowadefenders.com

Counsel for Plaintiffs

CERTIFICATE

I, Julia A. Ofenbakh, certify that I have provided a notice of constitutional question to the Attorney General of Iowa, Tom Miller, as required by Federal Rule of Civil Procedure 5.1

/s/ *Julia A. Ofenbakh*