IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT SOUTHERN DISTRICT OF IOWA

IOWA LIBERTARIAN PARTY, et al.

        Plaintiffs

vs.

HON. PAUL D. PATE, et al.

        Defendant

No. 4:19cv-241

EXPERT REPORT OF RICHARD WINGER

<u>Opinion one</u>: United States history shows that new political parties are sometimes formed in election years. Iowa's new law requiring party nominees (for office other than President) to have filed a petition by March of an election year is a severe curtailment of the ability of people to form new parties in election years.

U.S. Parties Formed in Election Years

<u>Republican Party</u>: the party was founded on July 6, 1854. See the *Encyclopedia Britannica* (1958 edition) article on the Republican Party. It says, "A mass meeting at Jackson, Michigan, attended by former Whigs, Democrats and Free Soilers on July 6, 1854, adopted for themselves the name Republican." The impetus for the creation of the new party had been the Kansas-Nebraska Act, signed into law on May 30, 1854. At the congressional elections of autumn 1854, the new party won a plurality of seats in the U.S. House of Representatives, and won hundreds of seats in state legislatures.

<u>Progressive Party</u>: Theodore Roosevelt did not found his Progressive Party until August 5, 1912, when it held its first national convention in Chicago. At the November 5, 1912 election, nationally it placed second in the presidential election, ahead of the Republican Party. Also nationally, it elected ten members to the U.S. House, and over 200 state legislators, from these states: Connecticut, Illinois, Indiana, Massachusetts, Michigan, Missouri, Montana, New York,

1

Ohio, Oregon, Pennsylvania, Rhode Island, Vermont, and Washington. In Iowa it polled 15.6% for Governor. Its best showing for U.S. House was 22.5%, in the 11th district.

<u>Farmer-Labor Party</u>: was founded at its national convention in Chicago on July 9, 1920. It was based on the British Labour Party, which was about to displace Britain's venerable Liberal Party as one of the two major parties of that nation. The United States Farmer-Labor Party was not that successful, but in 1920 it came close to electing its nominee in New York's 18th U.S. House race, and it elected state three state legislators in Washington. In Iowa its best showing for U.S. House was 10.8%, in the 2nd district.

<u>Union Party</u>: was founded at its national convention in Cleveland on August 13, 1936. It nominated Congressman William Lemke of North Dakota for president, and had candidates for Congress or state legislature or both in nineteen states, including Iowa. It placed third in the presidential election with 892,390 votes. In Iowa it had congressional and legislative candidates. Its best U.S. House showing was 3.2%, in the 2nd district.

<u>Natural Law Party</u>: it was founded in April 1992 by advocates for Transcendental Meditation, and had candidates for congress or state legislative office on the 1992 ballot in fifteen states. The party's national headquarters was in Fairfield, Iowa. In Iowa it had congressional candidates. Its best showing for U.S. House was 4.0%, in the 3rd district.

All of these parties were freely able to run for congressional and state office in Iowa, because Iowa always had a petition deadline in August, September, or October of election years, from the beginning of government-printed ballots in 1892, until 2019. The original Iowa law for government-printed ballots let new parties, and independent candidates, set a deadline of 30 days before the general election. See 1892 session laws, ch. 33, p. 49. In 1915 the deadline was changed to 40 days before the general election. 1915 session laws, ch. 245, p. 315. In 1953 it was advanced to 65 days before the general election. 1953 session laws, ch. 59, p. 113. In 1973 it was advanced to 67 days before the general election, ch. 136, sec. 77, p. 194. In 1989 it was advanced to 81 days before the general election, ch. 136, sec. 24. In 2017 it was eased to 73 days before the general election, ch. 110, § 71. In 2018 it was eased to 68 days before the general election, ch. 1149, sec. 3.

Opinion Two: the Iowa public was not harmed by having a deadline in October, September, or August, during the entire period 1892 through 2019. Those tolerant deadlines enhanced voting rights for voters who wished to support newly-formed parties. My conclusion is based partly on the fact that in 2017 and 2018, the Iowa law was changed to move the deadline later in the year, from early August to late August. The legislature would not have made those changes if there had been any harm in a having a deadline in the summer.

Opinion Three: the legal ability to form a new party in an election year is commonly recognized as a characteristic of free election systems. In 2000, Azerbaijan passed an election law requiring a party to have been in existence for at least six months in order to get on the ballot. The U.S. State Department filed a human rights complaint against that law. See *U.S. Attacks Azerbaijan's Electoral Law*, BBC News, July 25, 2000, 00:26 GMT.

Opinion Four: the new Iowa March deadline doesn't only harm newly-formed parties; it also injures already-existing minor parties. In the United States, parties other than the Democratic and Republican Parties almost never win congressional elections, and it is even fairly rare for them to win legislative elections. The minor party activists and members understand that. They run candidates for those offices anyway, hoping to express deep convictions that the solutions proposed by the Republican and Democratic Parties are faulty and that the solutions proposed by their own parties are superior. It is not easy for U.S. minor parties to find members who are willing to run for Congress or state legislature. Potential candidates may feel the fear of ridicule or embarrassment if they run, but get very few votes. They may feel they aren't fully informed about all the issues. They may not have the time or resources to organize a strong campaign. Therefore, it is not easy for the leaders of minor parties to recruit candidates, but their recruiting job is easier as the intensity of the election campaign increases, and that happens in the spring and the summer.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated at San Francisco, California, this 15 day of July, 2020.

_____Richard Winger_____
Richard Winger

IN THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

IOWA LIBERTARIAN PARTY and
JAKE PORTER,

        Plaintiffs,

VS.                            Civil Action No. 4:19-cv-00241-SMR-HCA

PAUL D. PATE, Secretary of State
and State Commissioner of Elections,

        Defendant.

## CERTIFICATE OF SERVICE

I, Robert M. Bastress, Jr., counsel for the plaintiff, certify that I have served the foregoing Expert's Report on counsel for the defendant, Paul D. Pate, by filing the same on the Southern District of Iowa's Pacer CM/ECF system on this the 17th day of July, 2020.

                      /s/ Robert M. Bastress, Jr.
                      Robert M. Bastress, Jr.
                      West Virginia Bar ID # 263
                      P.O. Box 1295
                      Morgantown, W.Va. 26507-1295
                      (304) 293-5308
                      rmbastress@gmail.com

                      Counsel for Plaintiffs