IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JAKE PORTER, IOWA LIBERTARIAN PARTY, <br><br> Plaintiffs, <br><br> vs. <br><br> PAUL D. PATE., SECRETARY OF STATE AND STATE COMMISSIONER OF ELECTIONS; <br><br> Defendant. | 4:19-cv-00241-HCA <br><br><br> ORDER DENYING INJUNCTIVE RELIEF |

## I.  INTRODUCTION

On March 31, 2022, the Court granted Plaintiffs' Motion for Summary Judgment, holding that Iowa Code §§ 44.4 and 45.4 violate the First and Fourteenth Amendments to the United States Constitution with respect to the filing deadline that applied to political nonparty organization candidates. ECF Nos. 40 and 41. In accordance with the relief sought, Plaintiff asked the Court for "an injunction against the Defendant forbidding him from enforcing the March deadline set forth in Iowa Code § 44.4 against the Plaintiffs." ECF Nos. 35 and 43. In their respective cross motions for summary judgment, neither party briefed the issue of injunctive relief. As such, the Court ordered the parties to file briefs on the injunction issue, including an analysis of the factors set out in, *Dataphase Systems, Inc., v. C L Systems Inc.,* 640 F.2d 109, 114 (8th Cir. 1991) (en banc). ECF No. 41 at 9.  Plaintiffs filed a one paragraph memorandum in support of their injunctive relief request on April 19, 2022. ECF No. 43. Plaintiffs incorrectly contend that the *Dataphase* factors do not apply because the Court

previously made a final ruling on the merits. Defendants filed their responsive brief on April 20, 2022. ECF No. 44. Upon review of the parties' submissions, the Court **denies** the Plaintiffs' request for injunctive relief as noted below.

## II. LEGAL STANDARD AND ANALYSIS

The standard for issuing a preliminary or permanent injunction is essentially the same, excepting one key difference. A permanent injunction requires the moving party to show actual success on the merits. *Oglala Sioux Tribe v. C & W Enterprises, Inc.,* 542 F.3d 224, 229 (8th Cir. 2008). If actual success on the merits is found, a court must then consider three factors, known as the *Dataphase* factors, to determine whether a permanent injunction is warranted; (1) the threat of irreparable harm to the moving party; (2) the balance of harms with any injury an injunction might inflict on other parties; and (3) the public interest. *Id*.

The Court has already determined Plaintiffs succeeded on the merits; thus, the Court will now turn to the *Dataphase* factors. The Court finds that the issue of irreparable harm drives the decision whether to grant injunctive relief in this case, so this opinion is focused on that factor[1]. Plaintiff must show a threat of irreparable harm in the absence of an injunction. Irreparable harm occurs when a party has no adequate remedy at law and can show that harm is certain and great and of such imminence that there is a clear and present need for equitable relief. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).

---

[1] With respect to factor number 2, the Court finds that factor is relatively neutral in this case. With respect to the last factor of public interest, the Court finds that the public interest weighed in favor of broad access to political candidates from which to select as mentioned in the Order granting the motion for summary judgment. However, for the reasons set forth in this opinion as to why there is no showing of irreparable harm, the public interest factor is neutral as to whether an injunction should issue.

The Court concludes Plaintiffs failed to show such harm. Despite ordering the parties to brief the issue of injunctive relief, including an analysis of the *Dataphase* factors, Plaintiffs simply "maintain that such an injunction, specifying that it applies to the 2022 election cycle, is all that is needed." ECF No. 43. Plaintiffs conclusively state that an injunction is necessary without proof of injury, much less irreparable harm. As Defendants note in their brief, nothing in the record indicates that Plaintiff Porter failed to qualify for the upcoming election as a result of the amended deadline or even that Plaintiff Porter intends to attempt to qualify as a candidate for the 2022 election. ECF No. 44 at 2. Yet, even assuming, *arguendo*, that Plaintiff Porter intends to qualify as a candidate in the upcoming 2022 election, there is no evidence of certain and imminent harm because Plaintiffs will be subject to the filing deadline that existed prior to the unconstitutional amendment—that being the August deadline. *Louisiana Republican Party v. Foster*, 674 So.2d 225, 233 (La. 1996) (holding that that when an amendment to a statute is declared unconstitutional, the statute as worded prior to those amendments remains in effect). There is no evidence in the record that Defendant intends to attempt to enforce the March deadline declared unconstitutional against Plaintiffs or any political nonparty organization candidates. In fact, Defendant's brief suggests the opposite when he states that "the filing deadline that existed prior to the 2019 amendments remains in force." ECF No. 44 at 3.

Moreover, even if the legislature were to set a new deadline for the 2022 election, other than the August deadline[2], Plaintiffs would be required to challenge that action separately. Put simply, Plaintiffs failed to put forth any evidence of irreparable harm and the record does not support the conclusion that Plaintiffs are at risk of any harm in the absence of the Court granting

---

[2] The Court finds this to be an extremely unlikely scenario given that the current legislative session is near completion.

injunctive relief. Plaintiffs' failure to show a likelihood of irreparable harm is sufficient reason to deny injunctive relief.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that injunctive relief is unwarranted at this time and **denies** Plaintiffs' request for injunctive relief.

IT IS SO ORDERED.

DATED this 22nd day of April, 2022.

Helen C. Adams
Chief U.S. Magistrate Judge