IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| IOWA LIBERTARIAN PARTY, and JAKE PORTER, <br><br> Plaintiffs, <br><br> v. <br><br> PAUL D. PATE, in his official capacity as Iowa Secretary of State, <br><br> Defendant. | Case No. 4:19-cv-00241-SMR-HCA <br><br><br> **MOTION TO AMEND JUDGMENT** |

## I.     INTRODUCTION

On April 8, 2022, this Court granted summary judgment in favor of Plaintiffs Iowa Libertarian Party and Jake Porter, concluding that Iowa's March deadline for filing nominations for non-party political organizations was unconstitutional. It supplemented that order on April 22, 2022, declaring that the August deadline that was in place prior to the challenged amendment applies for non-party political organizations for the November 2022 election. Defendant Iowa Secretary of State Paul Pate now moves this Court to amend that judgment to address the deadline for objecting to nominations filed pursuant to the August deadline, as well as the deadlines for withdrawal and substitution.

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 59(e) permits a party to move to amend a judgment where, among other things, there has been an intervening change in the law or there is a need to prevent injustice. *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010). A district court has "considerable discretion" in deciding

1

whether to grant relief pursuant to Rule 59(e). *Id.* Where, as here, the Court has identified a constitutional violation, the scope of its authority to craft an equitable remedy is also broad, "for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971).

### III.   ARGUMENT

During the 2019 session, the Iowa Legislature passed amendments to election code sections changing the deadline for nominations by non-party political organizations of candidates for the general election ballot from late-August to March. That amendment was challenged in the instant case. The parties filed cross-motions for summary judgment in March of 2021. In May of 2021, the Iowa Legislature further amended the code to harmonize the deadline for filing objections to nominations, as well as for withdrawal and substitution. *See* Iowa Acts 2021 (89th G.A.) ch. 147, S.F. 568, §§ 14, 18, 19, eff. Jan. 1, 2022. Those amendments, which were passed and took effect after the parties filed their briefs on summary judgment, moved the deadline for objections from the end of August to late-March, and changed the deadlines for withdrawal and substitutions under Iowa Code sections 44.9, 44.11, 44.17, and 45.4.

In its April 8, 2022, order, this Court concluded that the March filing deadline for nonparty political organization candidates violates Plaintiffs' First and Fourteenth Amendment rights. In its supplemental order of April 22, it clarified that the August deadline applies for non-party political organizations seeking to nominate a candidate for the November 2022 general election. But, as a result of the May 2021 amendment, the deadline to object to those nominations is in March. *See* Iowa Code § 44.4(2)(a)(1). The deadlines for withdrawal and submission face a similar hurdle. As a result, while this

Court's order granting summary judgment in favor of Plaintiffs permits non-party political organizations to file nominations in August, the deadline to object to those nominations has already passed, along with the deadlines for withdrawal and substitution.

In *Moore v. Martin*, following remand from the 8th Circuit, the district court examined the record and determined that an earlier filing deadline for an independent candidate was unconstitutionally early. *Moore v. Martin*, No. 4:14-cv-00065-JM, 2018 WL 10320761 (E.D. Ark. Jan. 31, 2018). It declared that the candidate could file his petition to run for office on or before the prior deadline in May. *Id.* at *3. This Court has done the same in this case. To account for the intervening change in the law and to prevent any injustice that would result from the inability to object to nomination filed pursuant to the prior August deadline, Defendant is now asking the Court to amend its judgment to declare that, for nominations filed pursuant to the August deadline, "any person who would have the right to vote for a candidate for the office in question" may file an objection not less than sixty-eight days before the date of the election for statewide candidates and not less than sixty-four days before the date of the election for a county office. *See* Iowa Code § 44.4(2)(a)(1)-(2) (2021). In addition, the Court should declare that the withdrawal deadline under Iowa Code sections 44.9 and 45.4 should be not less than sixty-eight days before the date of the election for state and federal candidates and not less than sixty-four days for county candidates. It should also declare that the substitution deadline under Iowa Code sections 44.11 and 44.17 should be not less than sixty-eight days before the date of the election for state and federal candidates and not less than sixty-four days for county candidates. These declarations would not apply to any candidate who already qualified based on the amended March deadline prior to this Court's April 8, 2022, order holding

that deadline unconstitutional. Counsel for Defendant Pate has discussed this motion with counsel for Plaintiffs and they do not object.

## IV. CONCLUSION

For the foregoing reasons, Defendant Iowa Secretary of State Paul Pate requests that this Court amend its grant of summary judgment and supplemental order to include the declarations as requested herein.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

JEFFREY S. THOMPSON
Solicitor General of Iowa

/s/ *Thomas J. Ogden*
THOMAS J. OGDEN
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Bldg., 2nd Fl.
1305 East Walnut Street
Des Moines, Iowa 50319
Phone: (515) 281-5976
Fax: (515) 281-4902
Email: Jeffrey.Thompson@ag.iowa.gov
Email: Thomas.Ogden@ag.iowa.gov

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, a true and correct copy of the foregoing was filed electronically via the Court's ECF system which will notify each of the following participants:

Julia A. Ofenbakh
Iowa Defenders, PLLC
2183 86th Street, Suite C
Clive, Iowa 50325

Robert M. Bastress, Jr.
West Virginia Bar ID # 263
P.O. Box 1295
Morgantown, W.Va.  26507

                                              /s/ Thomas J. Ogden